GIACONA, Appellant, v. ORLEANS ICE MANUFACTURING CO., ET ALS.

(October 4, 1926.   Opinion and Decree.)
(November 2, 1926.   Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Master and Servant —Par. 154, 156.**

Where an owner enters into a contract for the alteration or repair of a building, at a fixed price, which includes the furnishing of labor and material and there is neither reservation, nor exercise of direction or control over the work, the second party is an independent contractor, for whose faults the owner cannot be held responsible.

2. **Louisiana Digest—Builders and Buildings—Par. 10, 12.**

Where a contractor for alterations or re-repairs to a building, sub-contracts for

part of the work at a fixed price, and exercises only such general supervision over the work, as will enable him to see that contractual obligations are complied with, he is not responsible for the acts or omissions of the sub-contractor.

3. **Louisiana Digest—Automobiles—Par. 4, 8.**

One who undertakes to drive an automobile over congested and, frequently obstructed city streets, must be presumed to be a skillful operator. He should therefore, know that sand and gravel spread over the surface of a paved roadway, may present an element of danger.

4. **Louisiana Digest—Automobiles,—Par. 4, 4 (a), 7.**

Plaintiff had full opportunity to see and appreciate the condition of the road complained of, if such in fact existed, as he was not less than sixty feet from the point of obstruction, at the time it came within his field of vision, and his failure to do anything to obviate the possible risk, constituted such negligence as, regardless of the negligence of defendant, must bar his recovery.

Appeal from Civil District Court, Division A, Hon. Hugh C. Cage, Judge.

Action by Julius Giacona against Orleans Ice Manufacturing Co. et als.,

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Arthur Landry, Geo. Montgomery, of New Orleans, attorneys for plaintiff, appellant.

J. C. Henriques, Eugene McGivney, S. S. Goldman, and J. F. Fenner, of New Orleans, attorneys for defendants, appellees.

MAY, Judge ad hoc. Julius Giacona asks judgment in solido for five thousand, sixty-three dollars and twenty-five cents ($5,063.25) against the Orleans Ice Manufacturing Company, Henry T. Steffee, and the Babst Paving Company.

Plaintiff alleges that the Orleans Ice Manufacturing Company owns and operates a plant on Chartres Street, between Governor Nicholls and Barracks Street, this city; that in February, 1922, said plant was being repaired under contract with Henry T. Steffee, who in turn subcontracted, for certain part of the work with the Babst Paving Company; that on February 11, 1922, plaintiff was driving a Ford automobile down Chartres Street at a moderate speed and with due care; that there were piles of sand and gravel on the left side of Chartres Street and in front of the ice plant, placed there by three defendants; that Chartres Street is well paved and that there was sufficient space for plaintiff to pass and there was nothing to indicate danger, notwithstanding the provisions of Ordinance 6712, N. C. S., requiring that protection be given the public by the contractor and that only one-third of the street be used for piling and storing material; that the sand and gravel had seeped and run into and over Chartres Street, and that as petitioner attempted to drive through, his automobile skidded upon such sand and gravel and capsizing, hit a pile of iron pipe stacked over the gutter and part of the street, which pile of pipe petitioner believes were so placed by the defendants.

Then follow the allegations of injury and prayer for judgment.

All defendants filed exceptions, either of vagueness, inconsistency, misjoinder, or no cause of action, all of which exceptions were overruled, whereupon

The Orleans Ice Manufacturing Company answered with the equivalent of a

general denial, coupled, first, with the special defense that the defendants, Steffee, and Babst Paving Company, were independent contractors, and second, in the alternative, with a plea of contributory negligence.

The defendant Steffee answered, admitting that he was under contract with the ice company for erection of a cold storage room and averring that he had let the concrete and cement work to the Babst Paving Company, who for a stipulated price, furnished the material and labor incident to such contract. The remainder of this defendant's answer is a general denial, coupled with an alternative plea of contributory negligence.

The Babst Paving Company answered, admitting that it performed certain work at the ice plant, under a sub-contract, with the general contractor, Steffee.

The remainder of this defendant's answer is a general denial, with the alternative defense, that plaintiff was negligent, first, in not looking where he was driving and in either not seeing the piles of sand and gravel, or in not taking the proper precautions to avoid such obstacles; second, in driving on the left side of Chartres Street, in violation of City Ordinance, and third, in driving at a speed in excess of twenty-five miles an hour in violation of law.

There was judgment of the District Court, rejecting plaintiff's demands as to all defendants, the judge of the trial court, finding first, that the piling of the pipe on the sidewalk and over the gutter, was not in violation of law; that maintenance of such pipe in such position was not negligence, and that the pipe themselves had nothing to do with the accident; second, that defendant Henry T. Steffee, was an·

independent contractor, as was also probably the Babst Paving Company; that the latter was within its legal rights in occupying not more than one-third of Chartres Street, with construction material; that he did not believe that the sand and gravel had seeped entirely across the street to a depth of from three to six inches, and that he did not believe that such sand and gravel caused the accident.

In considering this case, we will direct our attention to the issues of law and fact, applicable to each defendant, and in what appears to us, to be the logical order.

From the evidence, it seems that the Orleans Ice Manufacturing Company, entered into a contract with Henry T. Steffee, for the installation of a cold storage room, at defendant's plant on Chartres Street.

Such contract called for certain specified work at a definite price, with labor and material to be furnished by the contractor.

There is no reservation whatever, to the Orleans Ice Manufacturing Company, of the right of direction, or control, as to the labor, or the means to be employed, or the manner in which the work is to be executed, and there is not even a suggestion in the record, that the defendant ice company, did, in fact, exercise any supervision or control.

Under these circumstances, Steffee was an independent contractor, for whose faults, or omissions, the defendant ice company is in no way liable.

In addition to certain piles of sand and gravel, located in the street in front of the ice plant, and placed there, so the record shows, by the defendant, Babst Paving

Company, plaintiff points to the presence of a pile of pipe located partly upon the sidewalk, and partly over the gutter, and in the street, and contends that such pipe were of a character ordinarily used in ice plants, and that they were negligently placed and maintained by the defendant ice company, in the position indicated, and in violation of law, and that their presence was the proximate cause of the accident.

Our comment upon such contentions is, first, that it is not shown that the pipe were placed in the position stated by the defendant ice company, or by anyone for whose acts, the company might be liable. Second, that there is nothing to show that the pipe were so placed and maintained in violation of law, and third, that it is not at all clear from the record, that the pipe were the proximate cause of, or contributed to, or in fact, had anything to do with the accident.

In his petition, plaintiff says that the sand and gravel caused his automobile to skid, swerve and capsize, and that it then hit the pile of pipe. On the other hand, some of the witnesses say, that the machine capsized upon coming in contact with the pipe, and one witness for plaintiff, Jacob Vorath, testifies both ways.

This brings us to a consideration of plaintiff's claim against Henry T. Steffee.

Mr. Steffee, testifies, and in this, he is confirmed by his foreman, Palmer, that while he was under general contract, for the installation of the cold storage room, or ice box, he let the contract for the concrete paving to the Babst Paving Company, at a fixed price, the latter to furnish all labor and material, and from the uncontradicted testimony of both Steffee, and Palmer, it is fully apparent that Steffee neither reserved, nor maintained any supervision or control over the Babst Paving Company, other than such general supervision as would enable him to satisfy himself, that the contract was being executed in accordance with its terms.

The Babst Paving Company was therefore, an independent contract or for whose acts or omissions Steffee cannot be held liable, and as it is shown, that at the time of accident to plaintiff, Steffee had practically completed his contract, and was not using sand or gravel, and as it is further shown, that Steffee had nothing whatever to do with the placing and maintaining of the pile of pipe complained of, the responsibility for plaintiff's accident, if any there be, other than in plaintiff himself, rests upon the Babst Paving Company, the latter being in entire control, of any and all work, then being carried on, and the owner of the sand and gravel, which plaintiff says obstructed the street.

As we understand it, plaintiff does not seriously contend that the Babst Paving Company, is in any way responsible for the placing and maintaining of the pile of pipe, in the location stated, as the evidence clearly shows that the pipe were in that position when the defendant took charge of the work, and that such defendant had nothing whatever to do with it.

Plaintiff does however, contend that his injuries were the result of the negligence of the Babst Paving Company, in maintaining piles of sand and gravel in Chartres Street, in front of the ice plant, and in permitting such material to spread out, and over the entire street, from curb to curb, and to a depth, according to certain of plaintiff's witnesses, of from two to six inches, all without any warning to plaintiff that the street so obstructed, was a menace to the drivers of motor vehicles.

A large number of witnesses were produced by both sides, in an endeavor to show the number, and location of the various piles of sand and gravel, as well as the location of the pile of pipe, both in relation to the intersection of Governor Nicholls Street, and the frontage of the ice plant.

An attempt was also made, to show the distance between each of the piles of material, and the location and number of parked automobiles and trucks on the right or riverside of Chartres Street.

The evidence however, as to these matters, is far from clear, as plaintiff and his witnesses located the first pile of material, that of gravel, all the way from twenty feet to one hundred and fifty-feet, from the intersection of Governor Nicholls Street. The evidence is also contradictory, as to the distance from Governor Nicholls Street, of the truck, parked on the right side of Chartres Street.

Regarding the alleged spread of sand and gravel over Chartres Street, certain of plaintiff's witnesses, as before stated, testified that such gravel was of a depth of from two inches to six inches, and one witness says, extended almost to the river curb, and was in length on Chartres Street, some twenty-five or thirty feet.

The testimony however, convinces us, that the pile of gravel was some sixty feet distant, from the intersection of Governor Nicholls Street, and it is quite probable that some portion of both sand and gravel, had become spread out over a part of the street's surface.

It may also well be, that due to the position of the truck parked upon the right side of Chartres Street, plaintiff was compelled to drive in the approximate middle of the street.

Plaintiff, however, says that he turned from Governor Nicholls into Chartres Street, presumably, at low speed, and he further testifies, that he never drove at a rate greater than ten miles an hour.

Such being the case, he was driving at that rate or less, when he straightened out into Chartres Street, and when he saw or should have seen, any sand or gravel that may have become spread over the street's surface.

At that time, he was some sixty feet distant from such obstruction, if it in fact existed, and his witness, the automobile mechanic, Wiltz, testifies that a Ford car proceeding at ten miles an hour may be stopped in from eight to ten feet.

The accident occurred early in the afternoon and in broad daylight.

Plaintiff was presumably an experienced driver, as he had been driving that particular car for some six months.

If Chartres Street was in such condition, as to preclude its use, without danger, plaintiff had full opportunity to see, appreciate and avoid such danger, by bringing his car to a stop or by so reducing its speed as to eliminte all hazard.

Regardless therefore, of the charges of negligence, brought against this defendant, we find that in any event, plaintiff's negligence, so contributed to the accident, as to bar his recovery.

For the foregoing reasons, the judgment appealed from is affirmed.